UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oralia Luna, on behalf of<br>A.L.,<br>                Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner<br>of Social Security,<br>                Defendant. | Civ. No. 11-1137 (PAM/JJK)<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated January 8, 2013. In the R&R, Magistrate Judge Keyes recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Oralia Luna seeks social security benefits for her minor son, A.L., claiming that he is disabled as a result of ADHD and other disorders. Following a hearing the Administrative Law Judge ("ALJ") determined that A.L.'s impairments did not meet or equal a disability listing and thus denied the application for benefits. Magistrate Judge Keyes

concluded in the R&R that the ALJ's decision was supported by substantial evidence in the record and thus recommended granting the Commissioner's Motion for Summary Judgment.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

Plaintiff's objections to the R&R's thorough analysis are cursory, consisting of fewer than two pages. Rather than discuss the specific portion of the R&R to which she objects, Plaintiff states that she "disputes the conclusions affirming the disability determination of the ALJ and the Appeals Council," citing eight pages of the R&R. (Pl.'s Obj. (Docket No. 30) at 1.) She also argues that the ALJ failed to consider the record as a whole, the same argument the R&R rejected in recommending denial of her Motion for Summary Judgment. She adds no legal or factual support for this argument in her objections.

The R&R very comprehensively analyzed the record below, including that which was before the ALJ and the record of A.L.'s situation after the administrative hearing. As

Magistrate Judge Keyes noted, the Appeals Council properly rejected any consideration of post-hearing evidence, pointing out that Plaintiff could file a new application for benefits based on A.L.'s post-hearing condition, but that this evidence was not relevant to a determination of whether the ALJ's decision was correct. To the extent that Plaintiff is relying on the post-hearing evidence for her arguments here, the Court agrees that this evidence is not relevant to the only determination at issue here, which is the ALJ's finding that A.L. was not disabled during the period under consideration. Plaintiff may wish to file a new application for benefits based on this evidence, but that evidence cannot support her arguments with respect to the current application.

The Magistrate Judge's conclusion is correct: the ALJ did not err in determining that A.L. was not disabled during the time period in question. The ALJ's determination is fully supported by more than substantial evidence in the record.

**CONCLUSION**

Plaintiff has failed to establish that the R&R's conclusions are incorrect. Accordingly,

**IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 27) is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 25) is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment (Docket No. 19) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 30, 2013</u>

<u>*s/ Paul A. Magnuson*</u><br>Paul A. Magnuson<br>United States District Court Judge